## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

ONETA M. SIMMONS, Administratrix
of the ESTATE OF JERRELL L. SIMMONS,
deceased,

        Plaintiff,

v.                                                            CIVIL ACTION NO. 3:18-cv-00058

DART TRUCKING COMPANY, INC.;
JUSTIN ADKINS;  CALGON CARBON
CORPORATION;  and ELIZABETH A. LEWIS,

        Defendants.

## C O M P L A I N T

COMES NOW, the Plaintiff Oneta M. Simmons, Administratrix of the Estate of Jerrell Lee Simmons, deceased, by and through counsel, Bert Ketchum, Larry A. Bailey and Clayton J. Maddox of Greene, Ketchum, Farrell, Bailey & Tweel LLP, and hereby files her Complaint against Defendants, Dart Trucking Company, Inc., Justin Adkins, Calgon Carbon Corporation and Elizabeth A. Lewis, and shows the Court, as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Jurisdiction is founded on diversity of citizenship and amount.

      (a)      The Plaintiff, Oneta M. Simmons, is the Administratrix of the Estate of Jerrell Lee Simmons.  At all times relevant to the Complaint, Oneta M. Simmons and Jerrell Lee Simmons were married and residents of Huntington, Wayne County, West Virginia.  Plaintiff is a citizen of a state different from the states where Defendants are incorporated, have their principal place of business or reside.

(b)     Defendant, Dart Trucking Company, Inc. (hereinafter called "Dart"), is
an Ohio corporation whose principal place of business is North Lima,
Ohio.  Dart is licensed to do business and doing business in West Virginia.
Defendant, Dart, is in the business of providing services over and across
the highways in West Virginia and other states, acting by and through its
agents, servants and employees including Defendant, Justin Adkins.

(c)     Defendant Justin A. Adkins, at times relevant to the Complaint was a
resident of Lawrence County, Ohio and an agent, servant or employee of
Defendant, Dart.

(d)     Defendant, Calgon Carbon Corporation (hereinafter called "Calgon"), is a
Pennsylvania corporation whose principal place of business is Moon
Township, Pennsylvania.  Calgon is licensed to do business and is doing
business in West Virginia.

(e)     Defendant, Elizabeth A. Lewis, at all times relevant to the Complaint was
a resident of Boyd County, Kentucky.

2.     The matters in controversy exceed, exclusive of interest and costs, the sum
specified by 28 U.S.C. § 1332.

3.     The matters in controversy arose out of acts or omissions that occurred in
Huntington, Wayne County, West Virginia.

4.     Jurisdiction and venue are proper in the United States District Court for the
Southern District of West Virginia at Huntington.

2

## BACKGROUND

5.     Plaintiff reasserts paragraphs 1-4 of the Complaint as if stated verbatim herein.

6.     On or about April 7, 2017, Jerrell Lee Simmons, deceased, was lawfully operating his motor vehicle in the right hand, westbound lane of interstate sixty-four (I-64) at or near milepost four (4) in Huntington, Wayne County, West Virginia.  In front of Mr. Simmons's motor vehicle in the right hand, westbound lane of I-64 at or near milepost four (4) in Huntington, Wayne County, West Virginia was a motor vehicle owned and being operated by Pegasus Transportation, Inc., its agent, servant or employee (hereinafter collectively referred to as "Pegasus").

7.     During the time described herein-above, Defendant, Elizabeth A. Lewis, was operating a 1998 Ford Ranger Pick-up truck owned by Randy Lewis in the left-hand, westbound lane on I-64 at or near milepost four (4) in Huntington, Wayne County, West Virginia.

8.     During the time described herein-above, Defendant, Justin Adkins, was operating a semi-tractor owned by Defendant, Dart, and was towing a trailer owned by Defendant, Calgon, in the right-hand, westbound lane on I-64 somewhere behind Mr. Simmons's motor vehicle.

9.     At all times complained of herein, Defendant, Justin Adkins, was operating the semi-tractor and trailer over and across the highways in West Virginia and other states and as such, acting as an agent, servant or employee of Defendant, Dart.  At all times complained of herein, Defendant, Justin Adkins, was operating Defendant, Dart's, semi-tractor and towing the trailer in the regular course of business and was under the direction and control of Defendant, Dart.  Defendant, Dart, is vicariously liable for the negligent acts or omissions of Defendant, Justin Adkins.

10.     During the time described herein-above, Defendant, Elizabeth A. Lewis, lost control of the motor vehicle she was operating, went into the right-hand lane of I-64 and hit the Pegasus motor vehicle.  Jerrell Lee Simmons lawfully and cautiously slowed his motor vehicle when he saw the motor vehicle being operated by Defendant, Elizabeth A. Lewis, going into the right hand lane of I-64.  Sometime thereafter, the motor vehicle being operated by Jerrell Lee Simmons was violently hit in the rear by the semi-tractor and trailer being operated by Defendant, Justin Adkins.  The violent rear-end collision caused Jerrell Lee Simmons's motor vehicle to go off the roadway and over the I-64 bridge near mile marker four (4) to the ground approximately one-hundred (100) feet below.

11.     As the result of the incidents described herein-above, Jerrell Lee Simmons sustained multiple serious personal injuries that resulted in his death.

12.     Plaintiff, Oneta M. Simmons, is the wife of Jerrell Lee Simmons and was appointed Administratrix of the Estate of Jerrell Lee Simmons by the Wayne County Commission on May 15, 2017 (Exhibit 1 Attached - Letter of Administration).  Jerrell Lee Simmons is survived by his wife, Oneta M. Simmons;  his son, Lane Austin Simmons;  his sister, Lois Ann Barber;  and his sister, Misty Nicholas.

## COUNT I

13.     Plaintiff reasserts paragraphs 1-12 of the Complaint as if stated verbatim herein.

14.     At all times relevant to the Complaint, Defendant, Elizabeth A. Lewis, negligently operated the motor vehicle owned by Randy Lewis causing her to lose control of the motor vehicle and make contact with the motor vehicle owned and operated by Pegasus which was traveling in front of the Simmons motor vehicle, thereby causing Mr. Simmons to lawfully and cautiously slow down his motor vehicle on I-64.

4

15.     At all times relevant to the Complaint, Defendant, Justin Adkins, negligently operated the semi-tractor and trailer following Mr. Simmons motor vehicle by failing to maintain proper speeds, failing to maintain a proper distance behind Mr. Simmons's motor vehicle, failing to maintain a proper lookout, failing to maintain control of the semi-tractor and trailer he was operating and failing to obey federal and state laws and regulations.

16.     At all times relevant to Complaint, Defendant, Justin Adkins, was acting within the scope of his authority or employment for Defendant, Dart, and operating the semi-tractor and trailer for the benefit of and under the control and direction of Defendant, Dart.

17.     As the direct and proximate result of the negligence of Defendant, Elizabeth A. Lewis, and/or Defendant, Justin Adkins, Jerrell Lee Simmons sustained serious personal injuries, incurred medical bills and expenses and consciously suffered extreme pain, suffering, and mental anguish prior to his death and various other damages as permitted under W. Va. Code § 55-7-8 on behalf of the Estate Jerrell Lee Simmons.

18.     As the direct and proximate result of the negligence of Defendant, Elizabeth Lewis, and/or Defendant, Justin Adkins, the Estate of Jerrell Lee Simmons sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Jerrell Lee Simmons.

WHEREFORE, Plaintiff, as the duly appointed Administratrix of the Estate of Jerrell Lee Simmons, demands judgment against Defendant, Elizabeth Lewis, and/or Defendant, Justin

Adkins in an amount that will reasonably compensate the Estate of Jerrell Lee Simmons for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

If Plaintiff is awarded compensation and through good faith efforts is unable to collect from a liable defendant, the Plaintiff may, not later than one year after judgment becomes final through lapse of time for appeal or through exhaustion of appeal, whichever occurs later, move for reallocation of any uncollectible amount among any other party found to be liable.

A trial by jury is demanded.

## COUNT II

19.   Plaintiff reasserts paragraphs 1-18 of the Complaint as if stated verbatim herein.

20.   At all times relevant to the Complaint, Defendant, Elizabeth A. Lewis, was operating Randy Lewis's motor vehicle maliciously or with conscious, reckless and outrageous indifference to the health, safety and welfare of others, including Jerrell Lee Simmons, which resulted in injuries and death.

21.   As the direct and proximate result of Defendant, Elizabeth A. Lewis, operating Randy Lewis's motor vehicle maliciously or with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Jerrell Lee Simmons sustained serious personal injuries, incurred medical bills and expenses and consciously suffered extreme pain, suffering and mental anguish prior to his death and various other damages as permitted under W. Va. Code § 55-7-8 on behalf of the Estate Jerrell Lee Simmons.

22.   As the direct and proximate result of Defendant, Elizabeth A. Lewis operating Randy Lewis's motor vehicle maliciously or with conscious, reckless and outrageous indifference to the health, safety and welfare of others, including Jerrell Lee Simmons, the Estate

6

of Jarrell Lee Simmons has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Jerrell Lee Simmons.

WHEREFORE, Plaintiff, as the duly appointed Administratrix of the Estate of Jerrell Lee Simmons, demands judgment against Defendant, Elizabeth Lewis, in an amount that will reasonably compensate the Estate of Jerrell Lee Simmons for its injuries, damages, expenses, attorney fees, punitive damages, court costs, plus prejudgment interest and interest on any verdict rendered herein.

If Plaintiff is awarded compensation, including punitive damages, and through good faith efforts is unable to collect from a liable defendant, the Plaintiff may, not later than one year after judgment becomes final through lapse of time for appeal or through exhaustion of appeal, whichever occurs later, move for reallocation of any uncollectible amount among any other party found to be liable.

A trial by jury is demanded.

## COUNT III

23. Plaintiff reasserts paragraphs 1-22 of the Complaint as if stated verbatim herein.

24. Defendant, Dart, is a licensed motor carrier under federal and state laws and regulations and acts by and through its agents, servants and employees including, but not limited to, Defendant, Justin Adkins. Defendant, Dart, is vicariously liable for the negligent acts of its agents, servants or employees.

25.     Defendant, Dart, was negligent in failing to use reasonable care inspecting and maintaining the tires on their semi-tractor operated by its agent, servant or employee, Justin Adkins, that violently rear-ended Plaintiff at the time of the motor vehicle accident herein-above described.

26.     Defendant, Dart, was negligent in failing to use reasonable care inspecting and maintaining the trailer owned by Defendant, Calgon, and pulled or otherwise towed by Defendant, Justin Adkins, at the time of the motor vehicle accident described herein-above.

27.     Defendant, Dart, was careless and negligent in the ownership and operation of its motor vehicle and cargo causing Jerrell Lee Simmons to suffer personal injuries resulting in death.

28.     As the direct and proximate result of the negligence of Defendant, Dart, its agents, servants or employee, Jerrell Lee Simmons sustained serious personal injuries, incurred medical bills and expenses and consciously suffered extreme pain, suffering, and mental anguish prior to his death and various other damages as permitted under W. Va. Code § 55-7-8 on behalf of the Estate Jerrell Lee Simmons.

29.     As the direct and proximate result of the negligence of Defendant, Dart, its agents, servants or employees, the Estate of Jerrell Lee Simmons has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Jerrell Lee Simmons.

WHEREFORE, Plaintiff, as the duly appointed Administratrix of the Estate of Jerrell Lee Simmons, demands judgment against Defendant, Dart, in an amount that will reasonably compensate the Estate of Jerrell Lee Simmons for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

If Plaintiff is awarded compensation and through good faith efforts is unable to collect from a liable defendant, the Plaintiff may, not later than one year after judgment becomes final through lapse of time for appeal or through exhaustion of appeal, whichever occurs later, move for reallocation of any uncollectible amount among any other party found to be liable.

A trial by jury is demanded.

## COUNT IV

30.     Plaintiff reasserts paragraphs 1-29 of the Complaint as if stated verbatim herein.

31.     At all times relevant to the Complaint, Defendant, Dart, acting by and through its agents, servants or employees, maintained and operated its motor vehicle and cargo maliciously or with conscious, reckless and outrageous indifference to the health, safety and welfare of others, including Jerrell Lee Simmons, which resulted in serious injuries and death.

32.     As the direct and proximate result of Defendant, Dart, acting by and through its agents, servants or employees, maintaining and operating its motor vehicle and cargo maliciously or with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Jerrell Lee Simmons sustained serious personal injuries, incurred medical bills and expenses and consciously suffered extreme pain, suffering and mental anguish prior to his death and various other damages as permitted under W. Va. Code § 55-7-8 on behalf of the Estate Jerrell Lee Simmons.

33.     As the direct and proximate result of Defendant, Dart, acting by and through its agents, servants or employee, maintaining and operating its motor vehicle and cargo maliciously or with conscious, reckless and outrageous indifference to the health, safety and welfare of others, including Jerrell Lee Simmons, the Estate of Jarrell Lee Simmons has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Jerrell Lee Simmons.

WHEREFORE, Plaintiff, as the duly appointed Administratrix of the Estate of Jerrell Lee Simmons, demands judgment against Defendant, Dart, in an amount that will reasonably compensate the Estate of Jerrell Lee Simmons for its injuries, damages, expenses, attorney fees, punitive damages, court costs, plus prejudgment interest and interest on any verdict rendered herein.

If Plaintiff is awarded compensation, including punitive damages, and through good faith efforts is unable to collect from a liable defendant, the Plaintiff may, not later than one year after judgment becomes final through lapse of time for appeal or through exhaustion of appeal, whichever occurs later, move for reallocation of any uncollectible amount among any other party found to be liable.

A trial by jury is demanded

## COUNT V

34.     Plaintiff reasserts paragraphs 1-33 of the Complaint as if stated verbatim herein.

35.     At all times relevant to the complaint, Defendant Calgon Carbon Corporation, owned the trailer described herein-above being towed by Defendant, Justin Adkins, for and on behalf of Defendant, Dart.

36.     At all times relevant to the Complaint, Defendant, Calgon, was negligent and failed to use reasonable care inspecting and maintaining the brakes on its trailer that was involved in the above-described motor vehicle accident which caused or contributed to Defendant, Dart's, motor vehicle colliding with the motor vehicle being operated by Jerrell Lee Simmons.

37.     As the direct and proximate result of the negligence of Defendant, Calgon, Jerrell Lee Simmons sustained serious personal injuries, incurred medical bills and expenses and consciously suffered extreme pain, suffering, and mental anguish prior to his death and various other damages as permitted under W. Va. Code § 55-7-8 on behalf of the Estate Jerrell Lee Simmons.

38.     As the direct and proximate result of the negligence of Defendant, Calgon, the Estate of Jerrell Lee Simmons has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Jerrell Lee Simmons.

WHEREFORE, Plaintiff, as the duly appointed Administratrix of the Estate of Jerrell Lee Simmons, demands judgment against Defendant, Calgon, in an amount that will reasonably compensate the Estate of Jerrell Lee Simmons for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

If Plaintiff is awarded compensation, including punitive damages, and through good faith efforts is unable to collect from a liable defendant, the Plaintiff may, not later than one year after judgment becomes final through lapse of time for appeal or through exhaustion of appeal, whichever occurs later, move for reallocation of any uncollectible amount among any other party found to be liable.

A trial by jury is demanded.

**/s/  Bert Ketchum**
Bert Ketchum (WVSB #6618)
Larry A. Bailey (WVSB #211)
Clayton J. Maddox (WVSB #12352)
GREENE, KETCHUM,
FARRELL, BAILEY & TWEEL LLP
419 Eleventh Street
Post Office Box 2389
Huntington, WV   25724
(304) 525-9115
(Counsel for Plaintiff)