# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ONETA M. SIMMONS, Administratrix
of the Estate of Jerrell L. Simmons, deceased,

        Plaintiff,

v.                                                 CIVIL ACTION NO. 3:18-0058

ELIZABETH A. LEWIS,

        Defendant.

## MEMORANDUM OPINION AND FINDINGS

On February 14, 2019, this Court entered an Order finding Plaintiff Oneta M. Simmons, as Administratrix of the Estate of Jerrell L. Simmons, deceased, was entitled to default judgment against Defendant Elizabeth A. Lewis. ECF No. 66. Thereafter, on April 1, 2019, the Court held a hearing to determine liability and the amount of damages to be awarded Plaintiff. Upon consideration of the evidence presented, the Court makes the following findings.

The evidence adduced at the hearing by Plaintiff compels the Court to find in her favor on all issues. On April 6, 2017, a tragic automobile and tractor trailer collision, involving several vehicles, resulted in severe injuries to, and ultimately the death of, Plaintiff's husband, Jerrell Simmons. As the collision took place on I-64 in the City of Huntington, the Huntington Police Department investigated the accident and prepared an extensive report and analysis of the cause of the collision. *Ex.* 1, ECF No. 72-1. Huntington Police Department forensic investigator,

David Castle, testified at the hearing as to the contents of the report and explained the conclusions reached as a result of the investigation.

The evidence demonstrates that the collision was caused by Defendant Lewis when her vehicle struck the side of a tractor trailer in an adjacent lane. Mr. Simmons was traveling immediately behind the tractor trailer that was struck by Defendant Lewis. When Mr. Simmons applied his brakes in reaction to Ms. Lewis' swerving, another tractor trailer struck his vehicle from behind. Tragically, this chain reaction occurred on a bridge, and Mr. Simmons' vehicle was pushed over the bridge wall, falling over 70 feet to the ground below. Mr. Simmons was severely injured, but he survived the collision.

As a result of further investigation, Defendant Lewis was found to be driving under the influence of drugs or alcohol, and she was determined to be solely responsible for the collision. The Court concurs with this determination. Additionally, the Court **FINDS** Defendant Lewis was grossly negligent in the operation of her vehicle and, therefore, is responsible for the resulting injuries to and death of Mr. Simmons.

The Court now turns to the issue of damages. At the hearing, Plaintiff presented two witnesses relevant to damages: Dr. Rebecca Wolfer, by deposition (ECF No. 72-5), and Plaintiff. Dr. Wolfer testified that Mr. Simmons sustained severe brain trauma, multiple orthopedic fractures, and other significant injuries. His injuries required extensive medical treatment and complex surgeries. Despite a valiant effort by the medical staff, Mr. Simmons did not survive. He

remained hospitalized until he died three weeks later. His cause of death was listed as respiratory failure secondary to traumatic brain injury.

Mrs. Simmons testified concerning the ordeal Mr. Simmons and she faced as a result of the collision. Married nearly fifty years, she and Mr. Simmons had a strong marriage and together reared a son, Lane Austin Simmons, and have two grandchildren. It was obvious to the Court that Mr. and Mrs. Simmons were devoted to each other and shared a deep and lasting love. His death prevents them from enjoying their last years together with the benefits of the life they worked hard to create over many years. The emotional injuries she must bear are nearly as great as the physical injuries Mr. Simmons sustained.

Her testimony along with Dr. Wolfer's statements also portray the heartbreaking course of Mr. Simmons' devastating injuries. Mrs. Simmons went to the hospital as quickly as she could that afternoon only to find that her husband's injuries required such immediate and extensive treatment that she was not allowed to see him for hours. When she finally was allowed a few minutes with him, he was unconscious. By the next day, he was awake, but he was unable to talk; he communicated, if at all, by raising an eyebrow. She soon was informed by his doctors that it was unlikely he would survive. She and her son decided that he would not want to live dependent on a ventilator. He died on April 28, 2017.

Based upon the evidence, the Court **FINDS** that Defendant Lewis' gross negligence proximately caused Mr. Simmons' severe injuries which persisted from April 7, 2017, and resulted in his death three weeks later. West Virginia law permits the estate to recover not only for his

death, but also for personal injuries up to the point of his death. W. Va. Code § 55-7-5 (providing, in relevant part, "[w]henever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who . . . would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured"). Additionally, as the evidence of damages was presented to the Court, rather than a jury, it is this Court's responsibility to award damages as it deems are "fair and just." W. Va. Code § 55-7-6(b) (stating, in part, "[i]n every such action for wrongful death, . . . in a case tried without a jury, the court, may award such damages as to it may seem fair and just"). Based on the testimony and exhibits introduced by Plaintiff, the Court **FINDS** the following damages in favor of Plaintiff are fair and just:

1. medical expenses incurred in the amount of $522,277.56;

2. pain, suffering, mental anguish and other compensable damages for Mr. Simmons prior to his death in the amount of $500,000;

3. wrongful death damages in the amount of $1,500,000;

4. funeral expenses in the amount of $4,355.30; and

5. punitive damages for the gross negligence of Defendant Lewis in the amount of $1,000,000.

*See* W. Va. Code § 55-7-6(c).[1] Thus, the Court awards a total of $3,526,632.86 in damages in favor of Plaintiff and against Defendant Lewis.

---

[1]West Virginia Code § 55-7-6(c) provides:

> (1) The verdict of the jury shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 17, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

decedent, and (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses.

(2) In its verdict the jury shall set forth separately the amount of damages, if any, awarded by it for reasonable funeral, hospital, medical and said other expenses incurred as a result of the wrongful act, neglect or default of the defendant or defendants which resulted in death, and any such amount recovered for such expenses shall be so expended by the personal representative.

W. Va. Code § 55-7-6(c).